UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PHILIP G. HADDAD, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 15-11323-LTS |
| ) | |
| CHARLES D. BAKER, JR. et. al., ) | |
| ) | |
| Defendants. ) | |

ORDER ON PENDING MOTIONS TO DISMISS

October 5, 2015

SOROKIN, J.

Plaintiff Philip G. Haddad filed a pro se Complaint, which the Court interprets as alleging claims under 42 U.S.C. § 1983.  Doc. No. 1.  Haddad brings these claims against private actors and state officials, and seeks $2.9 million in damages.  The various Defendants named in the Complaint have filed three motions to dismiss.  Doc. No. 21, 27, 35.

I.   BACKGROUND

The facts are drawn from the Complaint.  On April 12, 2012, Haddad went to a privately-owned building at 1000 Washington Street in Boston, Massachusetts, to visit the office of the Massachusetts Division of Insurance.  Doc. No. 1 at ¶¶ 13, 23.  His purpose in visiting the building was to "inquire as to the status of the content in correspondence previously forwarded to the Division of Insurance."  Id. at ¶ 23.

After clearing building security, Haddad proceeded to the eleventh floor to await the opening of the Division of Insurance.  Id. at ¶ 13.  Shortly thereafter, Defendant Martine

Florestal of Securitas Security Services, Inc. ("Securitas"), informed Haddad that he had to leave the building due to an outstanding Complaint and Order against him that was issued by the Massachusetts Division of Professional Licensure.  Id. at ¶ 14.  Haddad disputed the existence of such an Order and declined to leave, politely.  Id. at ¶ 15.  Florestal advised Haddad that she would contact the Massachusetts State Police if he did not leave the premises.  Id.

Soon thereafter, Defendant Massachusetts State Trooper Sean Newman appeared and advised Haddad that he must leave the building or face arrest.  Id. at ¶ 16-17.  Haddad agreed to leave, and Newman escorted him out of the building.  Id. at ¶ 18.  While doing so, seven Boston Police Officers approached Haddad, hands on their holstered weapons, and one officer stated that they were responding to a 911 call that reported "Haddad was in the building, was a threat to the lives of employees in the building, [and] was known to carry a weapon."  Id. at ¶ 19.  The authorities continued to escort Haddad from the building and a Boston Police Officer conducted a frisk search of Haddad with Haddad's consent, but found no weapon.  Id. at ¶ 22.  No excess force is alleged.

II.   LEGAL STANDARD

"To survive a motion to dismiss [under Fed. R. Civ. P. 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id. (quoting Twombly, 550 U.S. at 556).  For purposes of the Defendants' motions to dismiss, the Court "must take the allegations in the complaint as true and must make all reasonable inferences in favor of the plaintiff."  Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993).

III.   DISCUSSION

    A.  Haddad's Claims under 42 U.S.C. § 1983

The Court construes Haddad's pro se Complaint as asserting § 1983 claims, albeit somewhat unspecified ones, against the various Defendants, and considers such claims against each set of Defendants in turn.

    i.   Motion to Dismiss by Defendants Galaz, Fagan, and Florestal (Doc. No. 21)

The Complaint fails to state a claim under § 1983 against Defendants Santiago Galaz, Thomas Fagan, and Florestal for several separate and independent reasons. First, § 1983 "provides a remedy for deprivations of rights secured by the Constitution and laws of the United States" only if "that deprivation takes place 'under color of any statute, ordinance, regulation, custom, or usage, of any State . . . .'" Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 924 (1982) (quoting 42 U.S.C. § 1983). At the time of the incident, Galaz, Fagan and Florestal each worked for Securitas, a private security company, and nowhere in the Complaint does Haddad allege that any of these three Defendants acted under color of law.[1] For this reason alone, the complaint fails to state a claim under § 1983 as to Galaz, Fagan, and Florestal. See id. at 940; Estades-Negroni v. CPC Hosp. San Juan Capestrano, 412 F.3d 1, 4 (1st Cir. 2005) (if a plaintiff fails to allege facts sufficient to show that the "defendants acted under color of state law, then [a] § 1983 claim is subject to dismissal").

In addition, the Complaint contains no allegations whatsoever regarding Galaz and Fagan. Based on the caption of the Complaint, which lists Galaz and Fagan as executives of Securitas, the Court infers that Haddad means to assert claims against Galaz and Fagan arising

---

[1] Private conduct may qualify as being under color of law in certain circumstances, see Estades-Negroni v. CPC Hosp. San Juan Capestrano, 412 F.3d 1, 4-5 (1st Cir. 2005), but the Complaint does not allege that such circumstances are present here.

3

out of their supervision of Florestal.  However, serving as a supervisor, without more, does not expose either Galaz or Fagan to liability under § 1983 for the actions of their supervisee.  See Pineda v. Toomey, 533 F.3d 50, 54 (1st Cir. 2008).  Because the Complaint does not allege that Galaz or Fagan encouraged or were deliberately indifferent to Florestal's actions, see id., the complaint fails to allege a plausible claim against these two Defendants.

In any event, as to Florestal the Complaint alleges merely that she advised Haddad of the Complaint and Order against him, asked him to leave the building in light of the Order and, when he refused to do so, advised the State Police of what had transpired.  Doc. No. 1 at ¶¶ 14-16.[2]  Nothing about these facts gives rise to a claim of liability.  See Monge v. Cortes, 413 F. Supp. 2d 42, 52-53 (D.P.R. 2006) (no liability under § 1983 where police officer simply called for police assistance at incident involving plaintiff).

Accordingly, the Motion to Dismiss (Doc. No. 21) is ALLOWED as to Haddad's claim under § 1983.

    ii.        Motion to Dismiss by Defendant Nordblom (Doc. No. 27)

The Complaint contains no allegations of any sort against Nordblom.  Accordingly the Complaint fails to state a plausible claim against Nordblom and his Motion to Dismiss (Doc. No. 27) is ALLOWED.

---

[2] Arguably, the Complaint implies also that Florestal knowingly, and falsely, reported to the police that Haddad was carrying a weapon.  This is so because the Complaint indicates that a Boston Police Officer who arrived on the scene said that the Boston Police had received a 911 call stating that Haddad was "known to carry a weapon."  Doc. No. 1 at ¶ 19.  However, given that the Police Officer said that the 911 caller indicated that Haddad was "known" to carry a weapon, and not that Haddad was carrying a weapon at the time, there is no reasonable inference that Florestal made a false report to the police that Haddad possessed a weapon at the time of the incident.

iii.     Motion to Dismiss by Commonwealth Defendants (Doc. No. 35)

Haddad's lawsuit fails as to Defendants Charles Baker, Jr., Timothy Alben, and Charles Borstel because the Complaint contains no factual allegations whatsoever against them.[3] Therefore, the Motion to Dismiss (Doc. No. 35) is ALLOWED as to these Defendants.

Turning to the Complaint's claims against Defendants James Jones, Newman, and Christopher Carroll in their official capacities, the Court notes that "[s]uits against state officials in their official capacity . . . should be treated as suits against the State." Hafer v. Melo, 502 U.S. 21, 25 (1991). Haddad's claims against Jones, Newman, and Carroll in their official capacities fail for at least two reasons. For one, the Eleventh Amendment to the United States Constitution bars an action "when State officials are sued for damages in their official capacity." Kentucky v. Graham, 473 U.S. 159, 169 (1985). Here, the Complaint seeks $2.9 million in damages. Doc. No. 1 at ¶ 34. Second, Jones, Newman, and Carroll, when sued for damages in their official capacities, are not "persons" subject to liability under § 1983. See Hafer, 502 U.S. at 26-27.

The question remains whether the Complaint states a claim under § 1983 against Jones, Newman, or Carroll in their individual capacities. The Court discerns a possible § 1983 claim alleged in the Complaint against these Defendants; specifically, that these Defendants interfered with Haddad's rights to access information or documents with the Division of Insurance by escorting Haddad from the building (Newman), by issuing the Complaint and Order against Haddad (Carroll), or by dispatching Newman to the building (Jones). However, given that there were other means by which Haddad could obtain information or access to documents from the

---

[3] The Complaint listed as a Defendant Mark Kmetz, Director of the Massachusetts Division of Professional Licensure. Doc. No. 1. The Commonwealth Defendants' Motion to Dismiss indicates that Charles Borstel has replaced Kmetz in this position at the Division of Professional Licensure. Doc. No. 35 at 1. Accordingly, Borstel is automatically substituted as a party here. See Fed. R. Civ. P. 25(d). The Complaint makes no allegations as to Borstel or Kmetz.

Division of Insurance – such as by mail or phone – it cannot be said that Jones, Newman or Carroll interfered with Haddad's rights.  Accordingly, the Motion to Dismiss (Doc. No. 35) as it pertains to Jones, Newman, and Carroll is ALLOWED with regard to the Complaint's claims under § 1983.

      iv.      <u>Haddad's First Amendment Claim under § 1983</u>

To the extent the Complaint also asserts a claim under § 1983 alleging that Haddad's First Amendment right to petition the government was interfered with because he was not able to "inquire as to the status of the content in correspondence previously forwarded to the Division of Insurance[,]" Doc. No. 1 at ¶ 23, and "include pertinent investigative and administrative records and documents missing from official state files[,]" <u>id.</u> at ¶ 29, the claim fails.  Again, Haddad could have mailed to the Division of Insurance any inquiry or a copy of the materials that he wanted included in the relevant files.  As a result, any claims in the Complaint for interference with Haddad's right to petition the government are DISMISSED. [4]

IV.    <u>CONCLUSION</u>

Having resolved and dismissed all the federal claims in this matter at this early stage of the lawsuit, the Court declines to exercise supplemental jurisdiction over any remaining state law claims possibly stated in the Complaint.  See <u>Van Wagner Boston, LLC v. Davey</u>, 770 F.3d 33, 42 (1st Cir. 2014) ("When a federal claim forms the linchpin for federal jurisdiction and the

---

[4] The Complaint also alleges that Haddad "has and continues to be the object of ridicule and mockery amongst his peers in the funeral profession as well as by families that otherwise he had served in the past.  Plaintiff Haddad's name and reputation as well as his lost business opportunities has and continues to suffer as a result of acts and actions of the Defendants – the concealment, obfuscation, and deception (cover-up) further validating the violation of Plaintiff Haddad's Constitutional Civil Rights."  Doc. No. 1 at ¶ 30.  The Court construes this passage as alleging damages resulting from the asserted § 1983 claims.  To the extent this portion of the Complaint asserts a tort claim, the Court declines to address it.  This is so because the Court dismisses the federal claims in the complaint and, accordingly, declines to exercise supplemental jurisdiction over any state law claims alleged in the Complaint.

court dismisses that claim early in the game, it often will decline to exercise supplemental jurisdiction over related state-law claims"). Accordingly, the Motions to Dismiss (Doc. No. 21, 27, 35) are ALLOWED as to the federal claims in the Complaint, and ALLOWED in their entirety as to Defendants Galaz, Fagan, Nordblom, Baker, Alben, and Borstel, against whom no allegations were made in the Complaint. The remainder of the Complaint is DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION.

SO ORDERED.

  /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge